Michael **SITRICK** and Ryan
Kavanaugh, Plaintiffs–
Appellants,

v.

**NORTHWESTERN PACIFIC
INDEMNITY COMPANY,**
Defendant–Appellee.

No. 05–56117.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 2007.

Filed May 30, 2007.

Pamela E. Dunn, Dunn Koes LLP, Pasadena, CA, Ronald M. Sitrick, Esq., Sitrick & Sitrick, Chicago, IL, for Plaintiffs–Appellants.

Paul H. Breslin, Esq., Archer Norris, Walnut Creek, CA, Limor Lehavi, Esq., Archer Norris, Newport Beach, CA, for Defendant–Appellee.

Before: FISHER and CLIFTON, Circuit Judges, and MARTINEZ, District Judge.*

MEMORANDUM **

Appellants, Michael Sitrick and Ryan Kavanaugh (collectively "Sitrick"), have waived their argument that the district court failed to adequately instruct the jury as to how to determine insured capacity because they did not object to the instruction at trial on that basis and do not meet the elements of the pointless formali-

* The Honorable Ricardo S. Martinez, District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent.

ty rule set forth in *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir.1998). Nothing about Sitrick's proposed instruction or his formal exception to the district court's proposed instruction brought into focus the precise error now alleged on appeal, as required by Rule 51. In any event, the district court's instruction correctly stated the applicable law and Sitrick offers no authority for the proposition that an insured capacity instruction must include more detailed information to guide the jury's deliberation.

Further, we reject Sitrick's argument that the jury decided a question of law. The jury was asked to determine whether the facts, as they decided them, led to the conclusion that Mr. Kavanaugh was acting in whole or in part in his capacity as a director of PreNet. Ultimately, the jury concluded that he was not. We must uphold that conclusion if it is supported by substantial evidence. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir.2001); *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). We agree, for the reasons set forth by the district court, that substantial evidence supports the jury's verdict.

■ We also hold that the district court did not err in denying Sitrick's motion for a new trial on the basis of alleged misconduct by the jury foreperson. The district court's denial of a motion for new trial based on juror misconduct is reviewed for abuse of discretion. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir.2007). Likewise, the district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *Hard v. Burlington N. R.R. Co.*, 870 F.2d 1454, 1461–62 (9th Cir.1989). The district court weighed the submitted written declarations to determine whether a new trial was warranted. The court analyzed numerous factors to determine whether there had been po-

tential prejudice to Sitrick as a result of the foreperson's observation of Mr. Kavanaugh, including whether the interaction concerned the case, the length and nature of the interaction, the identity and role of the parties involved, evidence of actual impact on the juror, and the possibility of eliminating prejudice through a limiting instruction. The court also conducted a hearing where both sides made legal arguments, and then issued a thorough, well-reasoned order denying the motion. Accordingly, the district court did not abuse its discretion.

Because the jury decided only the issue of insured capacity, Sitrick's remaining arguments are moot.

**AFFIRMED.**